**UNITED STATES of America,**
**Appellee,**

v.

**Jenial BROWN, a/k/a J Bo,**
**Defendant–Appellant.**

**Docket No. 02–1018.**

United States Court of Appeals,
Second Circuit.

Sept. 25, 2002.

Mitchell A. Golub, New York, NY; Christopher P. Brundage, of counsel, on the brief, for Appellant.

Kelly T. Currie, Assistant United States Attorney, Brooklyn, NY; Alan Vinegrad, United States Attorney, and Cecil C. Scott, Assistant United States Attorney, on the brief, for Appellee.

Present VAN GRAAFEILAND, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Jenial Brown appeals from a judgment, entered in the United States District Court for the Eastern District of New York (Johnson, *J.*) on January 7, 2002, convicting him, after a guilty plea, of attempting to obstruct commerce by robbery in violation of 18 U.S.C. § 1951. Brown was sentenced to 71 months of imprisonment, three years of supervised release, and a $100 special assessment. On appeal, Brown argues that the district court erred by applying a seven-level sentencing enhancement for his accomplice's discharge of a gun and a three-level enhancement for the injury it caused. According to Brown, these two events were not reasonably foreseeable to him.

Section 2B3.1 of the United States Sentencing Guidelines (which the district court applied) calls for a seven-level increase "[i]f a firearm was discharged" during the offense, U.S.S.G. § 2B3.1(b)(2)(A), and a three-level increase "[i]f any victim sustained bodily injury" ranging in severity between a "[b]odily [i]njury" and a "[s]erious [b]odily [i]njury," U.S.S.G. § 2B3.1(b)(3)(D). Section 1B1.3 provides that "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" may be attributed to the defendant as relevant conduct. U.S.S.G. § 1B1.3(a)(1)(B).

Relevant conduct is attributable to the defendant under Section 1B1.3 if it comes within "the scope of the criminal activity agreed upon by the defendant" and "the activity was foreseeable to the defendant." *United States v. Mulder,* 273 F.3d 91, 118 (2d Cir.2001) (internal quotation marks omitted), *cert. denied,* —— U.S. ——, 122 S.Ct. 1344, 152 L.Ed.2d 247 (2002). This Court reviews these findings for clear error. *See United States v. Molina,* 106 F.3d 1118, 1121 (2d Cir.1997); *United States v. Medina,* 74 F.3d 413, 417 (2d Cir.1996) (per curiam).

Brown acted as a lookout for four others in the attempted armed robbery of a convenience store. He saw one robber pull a gun from his shoe before they ran into the store with their faces covered. The group also pumped themselves up before enter-

ing the store by calling each other "gang-bangers." Inside, the armed robber shot the store clerk. On this basis, the district court found that the scope of the group's activity was broad enough to include even a killing: "[i]n fact, if there was a death involved in this shooting, this defendant would also be charged with that particular death." The court further found that "[t]he defendant's coconspirators went into this institution with a gun and it is foreseeable they might use it."

On this record, we can form no firm conviction that a mistake has been committed. *See United States v. Williams*, 254 F.3d 44, 46 (2d Cir.2001) (defining clear error). Brown argues that the robbery was a surprise in which he "momentarily saw Scott's weapon as he entered the store" and participated only as "an unwitting look-out." According to Brown, the lack of planning shows that the use of the gun was unforeseeable to him. However, this attempted robbery did not require a complex scheme. *Cf. United States v. Franklyn*, 157 F.3d 90, 98 (2d Cir.1998) (affirming attribution of associate's gun possession in a similarly straightforward offense where the defendant merely carried the ammunition for the gun). Defendant's arguments at best show that there are two permissible views here, but " '[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.' " *Williams*, 254 F.3d at 46 (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Thus, we see no clear error in the district court's relevant conduct findings.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**